

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00471-CV

_____

LARRY JOE MORGAN, Appellant

V.

CAROL CHRISTY SHAW, AS THE ADMINISTRATOR OF THE ESTATE OF
JAMES HOWARD SHAW, Appellee

On Appeal from the 48th District Court
Tarrant County, Texas
Trial Court No. 048-282589-15

Before Wallach, J.; Sudderth, C.J.; and Gabriel, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Larry Joe Morgan filed a notice of appeal from the trial court's summary judgment in favor of Appellee on Appellant's claims against her. However, Appellant is on the list of vexatious litigants subject to prefiling orders that is compiled by the Office of Court Administration of the Texas Judicial System. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.104; *see generally* http://www.txcourts.gov/judicial-data/vexatious-litigants. A clerk of a court may not file an appeal presented, pro se, by a vexatious litigant who is subject to a prefiling order unless the litigant obtains an order from the appropriate local administrative judge permitting the filing. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103.

On January 10, 2020, we notified Appellant that he had not provided this court with an order from the local administrative judge permitting the filing of this appeal. We cautioned Appellant that we would dismiss this appeal unless he provided this court with such an order on or before January 30, 2020.

To date, Appellant has not provided this court with an order permitting the filing of this appeal. Appellant has, however, filed "Appellant's Second Motion for His Perfect Appeals." In that document, Appellant asserts that while he has been declared a vexatious litigant, "he filed this suit before he was declared a vexatious litigant." He further asserts that he has appealed the trial court's order declaring him a vexatious litigant and subjecting him to the prefiling requirement, that the appeal is

still pending, and that "[t]herefore the court has not affirmed the trial court ruling meaning Appellant has as a matter of law a right to this appeal."

Appellant cites no authority for the proposition that the prefiling order did not take immediate effect and does not apply to this appeal, and nothing in the statute supports his argument. *See id.* § 11.103(a), (d) (prohibiting a clerk of a court from filing an appeal by a vexatious litigant subject to a prefiling order unless the litigant obtains an order permitting the filing from the appropriate local administrative judge and providing an exception only for an appeal from the prefiling order itself or a writ of mandamus if an administrative judge denies permission to file litigation); *Nunu v. Risk*, 567 S.W.3d 462, 467 (Tex. App.—Houston [14th Dist.] 2019, pet. denied) (stating that a prefiling order is immediately effective), *cert. denied*, No. 19-713, 2020 WL 871734 (U.S. Feb. 24, 2020); *Yazdchi v. JP Morgan Chase Bank, N.A.*, No. 01-17-00301-CV, 2017 WL 2255773, at *2 (Tex. App.—Houston [1st Dist.] May 23, 2017, no pet.) (per curiam) (mem. op.) (holding that prefiling order applied to an appeal in a matter that had been pending in trial court at the time that the prefiling order was signed in a different proceeding). Accordingly, we dismiss the appeal. *See* Tex. R. App. P. 42.3, 43.2(f).

Per Curiam

Delivered: April 30, 2020